UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STANLEY CHANCE, | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | CIVIL NO. 3:14-cv-01111 (JAM) |
| | : | |
| JITENDRA KARMACHARYA and | : | |
| SUBWAY RESTAURANT, | : | |
| | : | |
| *Defendants*. | : | |

**ORDER DENYING MOTION FOR RECONSIDERATION AND GRANTING DEFAULT JUDGMENT AND AWARD OF NOMINAL DAMAGES**

On March 20, 2017, the Court entered an order granting in part and denying in part plaintiff's motion for default judgment and ordered plaintiff to submit evidence to substantiate his claim of damages as to his claim of race discrimination within 30 days. Doc. #19. The Court's order stated in part that "[p]laintiff is advised that failure to submit evidence of damages within 30 days may result in the Court's entry of final judgment without an award of damages." Doc. #19 at 5. Rather than comply with the Court's order and submit evidence of actual damages, plaintiff has untimely filed a one-page motion for reconsideration. *See* Doc. #20; D. Conn. L. Civ. R. 7(c) (requiring motion for reconsideration to be filed within seven days of the decision from which relief is sought).

I will deny the motion for reconsideration and enter final judgment for nominal damages only. First, plaintiff's motion seeks reconsideration of the Court's order with respect to plaintiff's disability claim, citing a hearsay statement by an unnamed employee of defendant's from a police report that plaintiff is "mentally challenged and is not all there." Doc. #20 at 1. The Court

1

has considered this additional evidence and concludes that it does not alter the Court's conclusion with respect to plaintiff's failure to substantiate his claim of disability.

Second, plaintiff states that "[a]s for the claim for damages since the defendants[] did not answer the complaint, [t]he amount requested serves as the amount to be rewarded." Doc. #20 at 1. But as the Court stated in its prior ruling, the Court may not simply award damages for the amount stated by plaintiff in his complaint ($8 million) in the absence of evidence of damages. Doc. #19 at 4. Because plaintiff has elected not to adduce evidence of actual damages, the Court will award nominal damages of $1 against each defendant. *See, e.g., Rainey v. Diamond State Port Corp.*, 354 Fed. Appx. 722 (3d Cir. 2009) (*per curiam*); *Peterson v. Syracuse Police Dept.*, 2014 WL 803931 (E.D.N.Y. 2014).

For the reasons stated above, the Court DENIES plaintiff's motion for reconsideration (Doc. #20). The Clerk of Court shall enter final judgment in plaintiff's favor on his Title VII claim of race discrimination in the amount of $1.00 against each defendant. The Clerk of Court shall thereafter close this case.

It is so ordered.

Dated at New Haven, Connecticut this 24th day of April 2017.

                                                    /s/ *Jeffrey Alker Meyer*
                                                    Jeffrey Alker Meyer
                                                    United States District Judge